IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN WAYNE LARKIN,

        Plaintiff,

   v.                      CASE NO.  07-3325-SAC

ROGER WERHOLTZ, Secretary
of Corrections, et al.,

        Defendants.

### O R D E R

    This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF).  Plaintiff has paid the filing fee.  Mr. Larkin names as defendants Roger Werholtz, Secretary of Corrections for the State of Kansas; and Ray Roberts, Warden EDCF.  As the factual basis for his complaint, he alleges he is being illegally forced to save ten percent (10%) of the money he acquires "from outside sources[1]" while in prison as part of a forced savings program applicable to all inmates.  He alleges the goal of the program is to provide inmates with more money upon their release.

    Mr. Larkin asserts that requiring his participation in the mandatory savings program violates his federal constitutional right to due process under the Fourteenth Amendment.  In support of this assertion, he alleges prison officials know he is not likely to ever be released given his two consecutive life sentences and a third sentence of 69 years to life, his minimum parole hearing date in 2052, his age of 53, and his serious health problems.  He thus

---

[1]    Plaintiff alleges this includes all money from friends and family.

claims he is being deprived without due process of the portion of his money he is required to save.

Mr. Larkin alleges the State of Kansas created the allegedly unconstitutional forced savings program, it was authorized by defendant Secretary of Corrections, and has been "acted on by" defendant Warden Roberts.  He argues the State of Kansas improperly makes no distinction between inmates who will be released, and those like him and death row inmates who will die in prison.  He also argues that the State has no authority to seize money from any inmate who has not agreed to the seizure, as he alleges is the case with employed inmates.  He further complains that State officials have averred before state courts that the money in the forced savings accounts cannot be taken for any reason other than for the inmate's release, when the State in fact takes the money for "multitude of reasons" including garnishments, restitution and fines.

For relief, plaintiff asks the court to prohibit the State from enforcing current policies, from seizing ten percent of his money, and from placing his funds into a mandatory savings account.  He also asks that the money he submitted for the filing fee herein be replaced and that he receive an additional $200.00 for other expenses.

**SCREENING**

Because Mr. Larkin is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which

2

relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to state a federal constitutional violation.

**DISCUSSION**

The mandatory savings policy challenged by plaintiff is set forth in IMPP 04-103 in the Kansas penal system's manual of Internal Management Policy and Procedure (IMPP).  This regulation and the savings program were upheld by the Kansas appellate courts in the face of challenges similar to plaintiff's; and review was denied by the United States Supreme Court.  Ellibee v. Simmons, 32 Kan.App.2d 519, 519-20; 85 P.3d 216, 217-18 (Kan.App. 2004), review denied (Kan. May 25, 2004), cert. denied, 543 U.S. 962 (2004).  In Ellibee, the court described the regulation:

> IMPP 04-103 provides for a savings account in which 10% of an inmate's incoming monies less any outstanding obligations, and a specified portion of earnings from work release or private industry employment, is deposited and maintained until the inmate's release from custody.  The use of the funds in the account is restricted to payment of garnishment and, only if the inmate's cash balance is exhausted, civil filing fees.  IMPP 04-103 provides in relevant part:
> "Mandatory Savings
> A. Each inmate shall be required to place ten percent [10%] of all funds received from the following sources into a mandatory savings account:
>     1. Funds received from outside the facility;
>     2. Prize monies won by the inmate and paid from the inmate benefit fund; and,
>         a. If canteen goods are awarded inmate prize winners in lieu of actual cash prize monies, the value of these goods shall not be subject to the mandatory savings assessment.
>     3. Proceeds from handicraft sales.
> B. Outstanding obligations shall always be subtracted from such monies prior to the assessment of the ten percent [10%] mandatory savings amounts.
> C. Voluntary contributions by an inmate to his/her

3

> mandatory savings account shall not be permitted.
> D. All monies deposited to a mandatory savings account shall accrue interest as outlined in this policy.
> E. All funds accrued by each inmate in his/her mandatory savings account shall be provided to the inmate upon his/her release, or, in the alternative, shall become part of the inmate's estate, subject to the provisions of IMPP 04-114, in the event that he/she dies while in custody."

In Ellibee, the inmate claimed this regulation providing for inmate mandatory savings accounts was unconstitutional and should exempt death row inmates and those with sentences extending beyond 75 years of age. The KCOA held the regulation was within the discretion of prison officials, contained no constitutional violations in its operation, and did not violate Ellibee's constitutional rights. Ellibee, 32 Kan.App.2d at 521, 85 P.3d at 218-19.

Plaintiff will be given thirty (30) days to show why this action should not be dismissed for failure to state a claim in light of the decision in Ellibee. If he fails to respond to this Order within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for failure to state a claim of federal constitutional violation.

**IT IS SO ORDERED.**

Dated this 8th day of January, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

4